CASE 7.—ACTION BY COMMONWEALTH ON RELATION OF
T. G. ALBRITTON, REVENUE AGENT, AGAINST
COMMISSIONERS LEBANON WATER WORKS FOR
TAXES ON STOCKS.—October 22.

# Commonwealth, by Albritton, v. Lebanon Water Works

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment in County Court for plaintiff, and in Circuit Court for defendant, and plaintiff appeals.—Affirmed.

Taxation—Property Subject — Municipal Sinking Fund.— A sinking fund created to liquidate the bonded debt incurred by a city in the purchase of a waterworks system is but so much taxes collected to liquidate a debt, incurred for a public purpose, notwithstanding it is invested in interest-bearing stocks and bonds, and is exempt from taxation under Const. section 170, providing that public property used for public purposes shall not be taxed.

S. W. SPAULDING for appellant.

## AUTHORITIES.

1. It is well settled that a municipality may hold property in a private or proprietary capacity, as well as in a governmental or public capacity; and it was not intended in the Frankfort tax case to abolish the distinction between these two classes of ownership. (Dillon's Municipal Corporations, sec. 66, p. 107, 4th Ed.; Com. v. Louisville, 47 S. W., 865; Covington v. Com. 39 S. W., 836; Newport v. Com., 50 S. W., 845; Roberts v. Louisville, 92 Ky., 104; Carrolton Furniture Co. v. Carrolton, 47 S. W., 835; Negley v. Henderson, 59 S. W., 19; Owensboro v. Com. 49 S. W., 320; Amer. & Eng. Encyc. of Law, vol. 20, p. 1193;

Louisville v. McAteer, 81 S. W., 679, 1st L. R. A. (N. S.), 766; Com. v. Covington, 107 S. W., 231; Board of Councilmen of the City of Frankfort v. Commonwealth, 94 S. W., 648; South Carolina v. United States, 199 U. S., 438, 50 Law Ed., 261; Section 170 of the State Constitution.)

2. The property of the Lebanon Sinking Fund is not exempt from State and county taxation. (Commonwealth v. Wathen, 104 S. W., 364; Sec. 171 of the State Const.; Commonwealth v. MacKibben, 14 S. W., 372; Dayton v. Bellevue Co., 68 S. W., 142; Commonwealth v. Louisville, 47 S. W., 864; Covington v. Commonwealth, 39 S. W., 836; Newport v. Commonwealth, 50 S. W., 845; Negley v. Henderson, 59 S. W., 19; Board of Councilmen of the City of Frankfort v. Commonwealth, supra; Maydwell v. Louisville, 76 S. W., 1091; Owensboro v. Commonwealth, 105 Ky. 344, 44 L. R. A., 202; Clark, Sheriff, v. Louisville Water Company, 90 Ky., 515, 14 S. W., 502; Haltzhaven v. Newport, 94 Ky. 396, 22 S. W., 752; Cooley on Taxation, 2nd Ed., p. 108; Judson on Taxation, 354; Burrough's on Taxation, p. 22; Desty on Taxation, vol. 1, p. 26, sec. 9; Hilliard on Taxation, p. 12, sec. 17; Barbour, Sheriff v. Board of Trade, 82 Ky., 653; Louisville Warehouse Company v. Commonwealth, 106 Ky., 172; Louisville v. McAteer, 81 S. W., 668, 1st L. R. A. (N. S.), 709; Commonwealth v. Thomas, 83 S. W., 572; 6 L. R. A. (N. S.), 324; Section 170 of the State Constitution; Barbour, Sheriff, v. Board of Trade, 81 Ky., 651; Kilgus v. Trustee, 21 S. W. 751; German Bank v. Louisville, 56 S. W., 504; Insurance Company v. Tennessee, 161 U. S., 174, 40 Law Ed., 660; Cooley on Taxation, Second Edition, 205.)

J. P. THOMPSON for appellee.

We submit that the property municipalities are authorized to acquire, such as waterworks, must of necessity have been acquired with money derived from the levy and collection of taxes, and necessarily, must be regarded as held for public purposes. The trend of legislative and judicial decisions for the last half century has been to enlarge the exemption of public property from taxation. Public sentiment demands, that public improvements and public conveniences should be promoted and fostered, and not hampered by lawmakers in courts.

### AUTHORITIES CITED.

Constitution, 170, 171; City Louisville v. Commonwealth, 1

Duvall, 295; City of Frankfort v. Commonwealth, 79 S. W., 658; City of Covington v. Highlands decided in May, 1908.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This suit was instituted in the Marion circuit court by T. G. Albritton, revenue agent, for the purpose of assessing certain dividend-paying stocks, bonds, and cash held by the sinking fund commissioners of Lebanon, Ky. In 1884 a charter was granted by the State Legislature to J. M. Cardwell and others as incorporators of the Lebanon Waterworks Company. The capital stock of this company was fixed at $100,000. The company was organized under this charter to supply the town of Lebanon with water. In 1886 the charter of the Lebanon Waterworks Company was amended so as to authorize the city of Lebanon to purchase its stock up to an amount not to exceed 150 shares of a par value of $100 each, and, for the purpose of making this purchase, the city was authorized to issue its bonds, which were to mature at a stated time. The act further provided that for the purpose of paying the bonds, which the city should thus issue, a sinking fund should be created, and that the city should annually pay into said fund a sum sufficient to liquidate the bonds at maturity. For the purpose of managing this fund a commission of three was appointed. It appears from the record that $55,000 of the stock of the water company were at that time delivered to the city and a like amount of city bonds were issued to the water company, and by it sold upon the market. At the time of the institution of this suit there had been paid into the sinking fund each year a sum approximating $1,600, and the aggregate amount then in the hands of the commisisoners was about

$26,000. The case was submitted to the county court
upon the pleadings, there being no disagreement as to
the amount of funds on hand. The county judge
decided that the property of the sinking fund was
liable for state and county taxes, and directed it to be
assessed accordingly. An appeal was taken from this
judgment to the circuit court, where, in due course of
time, a judgment was rendered, in which it was held
that all of the property in the hands of the sinking
fund commissioners was, under section 170 of the Con-
stitution, exempt from taxation. The petition of the
revenue agent was accordingly dismissed, and, from
that judgment, this appeal is prosecuted.

For the State it is urged that the city holds these
stocks and bonds and this cash in a private or pro-
prietary capacity, and not in its governmental or pub-
lic capacity, and that, therefore, it is subject to taxa·
tion; whereas, the sinking fund commissioners con-
tend that it is held for a purely governmental or pub-
lic purpose, and is exempt from taxation. The debt
which this sinking fund was created to liquidate was
originally incurred by the city by legislative authority
in the erection and installation of a waterworks sys-
tem for the city. The same act which authorized the
city to incur this indebtedness required that a fund
be created for the purpose of liquidating this indebt-
edness at its maturity. The city owns all of the stock
of the waterworks company, and the waterworks com-
pany, in addition to supplying the city with water, is
held and operated for the purpose of extinguishing
fires, sprinkling streets, flushing gutters and sewers,
thereby ministering, not only to the comforts and
necessities of the citizens of said town, but promoting
and subserving the public health and conveniences of
the city. The sinking fund was created for the sole

purpose of liquidating the bonded debt incurred by the city in the purchase of the waterworks. It appears that the income from the sale of water has never been equal to, or at least exceeded, the expense of maintaining the plant.

The city is an arm or branch of the State government, and in the administration of its public affairs it acts as an agent of the State, and no property held by it for a purely public or governmental purpose is subject to taxation any more than the public property of the State itself is subject to taxation. In the case of the City of Louisville v. Commonwealth, 1 Duvall 295, 85 Am. Dec. 624, Judge Robertson, speaking for the court, held that a courthouse, prison, and such property as was necessary or useful to the administration of municipal affairs, and devoted to such uses, were exempt from taxation, but, when such property was used by the city in its private capacity, such as market houses, fire engines, etc., it was subject to taxation. Since the date of this decision the trend of legislative enactment, and judicial interpretation as well, has been to extend and enlarge the exemption from taxation of the different classes of property held by cities in their governmental capacity, and contributing to the health, comfort, and convenience of its citizens, and the rule announced by Judge Robertson has been materially modified and extended. In the more recent case of the City of Owensboro v. Commonwealth, 105 Ky. 344, 49 S. W. 320, 12 Ky. Law Rep. 1281, 44 L. R. A. 202, it was held that property used by a city in connection with its fire department, and even public parks, was exempt from taxation. In the case of the Board of Councilmen of Frankfort v. Commonwealth, 94 S. W. 648, 29 Ky. Law Rep. 699, it was held that: "The Legislature authorizes munici-

palities to levy and collect taxes for the purpose of building and maintaining waterworks and lighting plants. They are acquired for public purpose and maintained for public purposes. They are paid for with money that arises from the levy and collection of taxes, which can only be levied and collected for public purposes. Water is essential to the comfort, health, and safety of the citizens of municipalities. * * * Therefore the Legislature has recognized waterworks and lighting plants as public necessities. The right of municipalities to tax their inhabitants for the purpose of raising money to build and maintain these plants is not even questioned, and this court has repeatedly recognized that it can be done." In the case of the City of Covington v. District of Highlands, 110 S. W. 338, 33 Ky. Law Rep. 323, decided May 13, 1908, the principle announced in the case of the Board of Councilmen of Frankfort v. Commonwealth,, supra, is recognized and approved. The waterworks being recognized and maintained for a public purpose, paid for with money raised by pledging the city's credit, under special legislative authority, granted only upon condition that there should be created by the city a sinking fund for the purpose of redeeming the bonds at their maturity, it could hardly be said that this fund, which the city was required to create to redeem its bonds, should be subject to taxation. The debt was created for a governmental purpose, and must be paid off and satisfied by taxation. It is too great a burden to be borne by the municipality in any one year, and hence the Legislature wisely provided that the burden of its payment should be distributed over a number of years. This annual tax, when collected and set aside for the purpose of redeeming these bonds, is no more subject to

taxation than would a balance in the hands of the city treasurer be subject to taxation if there remained a balance at the end of the fiscal year. It is not held by the city for the purpose of making any profit out of it, but only for the purpose designated in the act of the Legislature which authorized and directed its creation. But it is urged for the Commonwealth that it is invested in interest-bearing stocks and bonds, and therefore the city derives a profit from its use. This is true, but the profit derived from its investment in such stocks, and bonds is added to the principal fund from time to time, and this will continue to be done until the amount on hand in the sinking fund is sufficient to satisfy and pay off the bonds. When this period has been reached, the citizens of the municipality will then be relieved of any further burden on this account, and this tax, which has been collected through a number of years, will then be applied to the purpose for which it was collected.

Considered in its true light, the sinking fund in the hands of the commissioners is but so much taxes collected by the city for the purpose of liquidating an indebtedness created solely for a purely public purpose, and hence it not subject to taxation, and, the circuit judge having so held, the judgment is affirmed.

CHIEF JUSTICE O'REAR and JUDGES NUNN and CARROLL dissent.