## Phillips, et al. v. Kentucky Utilities Company, et al.

(Decided December 12, 1924.)

### Appeal from Hardin Circuit Court.

1. Municipal Corporations—City Liable for Damages for Breach of Contract to Furnish Water for Fire Protection.—City entering commercial field by contracting to furnish water for domestic purposes and fire protection, to residents, individually applying and paying therefor, is liable for damages from failure to do so, but not for failure to furnish adequate public fire protection, which is service furnished to all its residents without special charge.

2. Waters and Water Courses—Resident of City Contracting with Power Company to Furnish Power for Waterworks Cannot Sue Company for Fire Loss from Insufficient Water Pressure.—Residents of city, which contracted with utilities company for electric power to operate waterworks pumps, cannot sue company for fire loss because of insufficient water pressure in pipes in house burned as city alone could sue for breach of such contract.

H. L. JAMES and GEO. HOLBERT for appellants.

L. A. FAUREST, D. M. COOPER, J. E. WISE, ROBERT GORDON and BRUCE, BULLITT & GORDON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming in part and reversing in part.

Appellants, Ella Phillips and her husband, M. M. Phillips, sued the city of Elizabethtown and the Kentucky Utilities Company for damages resulting to them from the loss of their home by fire on the 16th of March, 1922.

A general demurrer to their petition was filed by each defendant; both demurrers were sustained by the lower court, and they have appealed.

The city of Elizabethtown owns and operates a system of water works in that city, furnishing water for fire protection, as well as a water supply for the domestic consumption of its inhabitants. The Kentucky Utilities Company has nothing whatever to do with the ownership, management, control or operation of the water works, except that the city contracted to purchase from it electric power for the motors which operate the pumps of the water works system. The contract is in wriitng, and a copy of it is filed as an exhibit and referred to in, and made a part of the petition.

The petition alleges that at the time the fire was discovered, the pressure of the water in the pipes in the house of appellants was insufficient, and that if it had been sufficient, the fire could have been extinguished by water drawn from the openings in the house. The petition further alleges that the reason for the alleged inadequacy of the water pressure was a failure on the part of the Kentucky Utilities Company to furnish power for the motors in accordance with its contract with the city. Appellants allege as a basis for their cause of action against the city, that the city had contracted with them to furnish water for fire protection and for domestic use, and that it failed to carry out its obligations under that contract. They allege, as a basis for their cause of action against the Kentucky Utilities Company, failure of that company to furnish power for operating the motors, which was in violation of the terms of the contract of that company with the city. This supposed cause of action against the Kentucky Utilities Company is made up largely upon the same principle as "The House that Jack Built" of Mother Goose fame. This is the company that supplies the current, that drives the motor, that runs the pump, that pumps the water, that fills the mains, that feeds the pipes, that convey the water to the house of the appellants.

We shall first consider whether or not the city was liable. In the case of Twyman's Admr. v. Board of Council of Frankfort, 117 Ky. 518, 78 S. W. 446, 25 Ky. L. R. 1620, 64 L. R. A. 572, 4 Ann. Cas. 622, this court said:

"So far as municipal corporations of any class, and, however incorporated, exercise powers conferred upon them for purposes essentially public—purposes pertaining to the administration of general laws, made to enforce the general policy of the state—they should be deemed agencies of the state, and not subject to be sued for any act or omission occurring while in the exercise of such power, unless by statute the action be given. In reference to such matters they should stand as does the sovereignty whose agency they are—subject to be sued only when the state, by statute, declares that they may be. In so far, however, as they exercise powers not of this character, voluntarily assumed—powers intended for the private advantage and benefit of the locality and its inhabitants—there seems to be no sufficient reason why they should be relieved from liability to suit, and measure of actual damage, to which an individual or private corporation exercising the same powers for purposes essentially private would be liable."

In Terrell v. Louisville Water Company, 127 Ky. 77, 105 S. W. 100, 31 Ky. L. R. 1281, this court said:

"In furnishing to its citizens fire protection, the city is discharging a governmental function."

In Flutmus v. City of Newport, 175 Ky. 817, 194 S. W. 1039, this court said:

"When a state gives to a municipality the power to maintain a waterworks system, it parts with none of its sovereignty and confers no power of government, but merely authorizes the municipality, in its private capacity, to do that which any individual or corporation having the requisite franchise would be authorized to do. Having thus taken the place of such individual or corporation, there is every reason why its liability should be the same."

The City of Elizabethtown having entered the field of commerce by undertaking to furnish to plaintiffs water

for domestic purposes, and for protection against fire as alleged in the plaintiffs' petition as amended, is liable for damages resulting from its failure so to do, just as a private citizen would be who had undertaken to do the same thing. This furnishing of water for domestic use and protection against fire is a service which is rendered to those only of its residents who individually applied and paid therefor. This case is not like the case of Kenton Water Co. v. Glenn, 141 Ky. 529, 133 S. W. 573. In that case the water company agreed by the first section of its contract, to furnish water for consumption in private dwellings; by the third section of its contract it agreed to furnish water to the town of Latonia for fire protection, and by section six, the water company was authorized to contract to supply water to private fire plugs and other pipes and apparatus of private individuals for their own fire protection. Glenn had no contract for a supply of water to a private fire plug for his own fire protection. Plaintiffs, in their amended petition, allege they did have such a contract with the city in this case for water for domestic use and for protection against fire.

Elizabethtown is not liable, however, for failure to furnish an adequate public fire protection. This is a service which it furnished to all of its residents without making a special charge therefor. The city's demurrer should have been overruled.

In the case of O'Connell v. M. & P. District Telegraph Co., 167 Ky. 468, 180 S. W. 485, L. R. A. 1916D 508, the court quotes with approval from a New Jersey case, the following excellent statement:

"A duty, the breach of which is an actionable wrong, may arise from a contract, or be imposed by positive law, independent of contract. In the first case, the party to the contract only can sue; . . . in the other case, any person injured may sue if he be one of the class of persons for whose benefits the duty is imposed."

In the case at bar, whatever duty devolved upon the Kentucky Utilities Company arose from the contract. The law imposed no duty upon it to furnish power to the city for pumping its water. Under the above stated principle, since the obligation arose under the contract, the

city, being the other party to the contract, alone could maintain an action.

It may be suggested that there is an exception to the rule in Kentucky where the city makes a contract with a water company to supply water for fire protection, such contract is made for the benefit of the inhabitants, and in case of loss by fire resulting from the breach of such a contract, an individual belonging to the class for whose benefit the contract was made, may sue. Kenton Water Co. v. Glenn, 141 Ky. 529, 133 S. W. 573. It is true that there is such an exception, but it does not apply to a case of this kind. In the case at bar, the city itself assumed the duty and responsibility of furnishing the water supply. In so doing, it was, of course, necessary for it to make various and sundry contracts with numerous persons and corporations involving the many elements entering into the construction and operation of its water plant and system. It is inconceivable that those several and independent contracts could be held to be made for the benefit of each and all of the inhabitants of the city, or could be enforced by them, or any of them. Those contracts were made for the benefit of the city, and for its benefit alone, in carrying out its business of furnishing a water supply. It is a very different state of case when the city instead of assuming itself to engage in the business of furnishing a water supply, makes a contract with an independent company to furnish water for fire protection to its inhabitants. In such a case, the contracting company takes the responsibility from the shoulders of the city, and assumes the burden that the city of Elizabethtown retained in this case.

There is no analogy at all between a case where a water company agrees to furnish adequate fire protection for the benefit of the inhabitants of a municipality and a case where coal dealers agree to furnish coal, or a pump manufacturer agrees to furnish a pump, or a blacksmith agrees to replace a broken part, or a power company agrees to furnish electric power to the city as a necessary incident to the construction or operation of the municipal water plant. Hence the demurrer of the Kentucky Utilities Company was properly sustained.

The judgment is affirmed as to the Kentucky Utilities Company, and reversed as to the city of Elizabethtown, and remanded for proceedings consistent herewith.