### Phillips, et al. v. City of Elizabethtown.

(Decided February 18, 1927.)

Appeal from Hardin Circuit Court.

1. Municipal Corporations—City's Undertaking to Furnish Water Held Not to Show Contract to Furnish Water for Fire Protection.—Evidence, showing undertaking by city to furnish hose box for sprinkling and connection in sink in house, both for domestic purposes, does not show contract by city to furnish water for fire protection, for breach of which city would be liable.

2. Municipal Corporations—City is Not Liable for Failure to Furnish Water for Fire Protection.—City is not liable for failure, in exercise of governmental function, to furnish water for fire protection.

G. K. HOLBERT and H. L. JAMES for appellants.

HAYNES CARTER, L. A. FAUREST and J. E. WISE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

This is the second appeal of this case. The opinion on the former appeal will be found in 206 Ky. at page 151.

The city was the owner of and operated a waterworks system, and the plaintiffs had alleged that they had entered into a contract with the city to furnish them water for fire protection and domestic use, and that because of the city's failure to furnish them water for fire protection their house had been destroyed by fire. That opinion reversed the action of the lower court in sustaining a demurrer to the petition, upon the ground that if

the city had entered into a direct contract to furnish water to plaintiffs for fire protection as distinguished from its governmental function of furnishing water to all its citizens for fire protection, then the plaintiffs were entitled to recover upon a breach of that contract. The opinion points out the distinction between the governmental function of furnishing water for fire protection to all the citizens and its private contractual duty of furnishing water to them for domestic purposes under contract and for compensation.

Upon a return of the case the issues were made up, and at the trial the court, at the close of plaintiffs' evidence, directed a verdict for defendant, and the plaintiffs again appeal.

The evidence for the plaintiffs wholly fails to show any contract whereby the city undertook to furnish water for fire protection, but only showed an undertaking by the city to furnish one hose box for sprinkling purposes and one connection in a sink within the house, both obviously for domestic purposes. In other words, if there was any dereliction of duty by the city it was in its failure in the exercise of a governmental function to furnish water for fire protection to its citizens generally, for which it is not liable, and not its failure to comply with any contractual undertaking to furnish to appellants for compensation their water for such protection, for which it would be liable.

The authorities cited in the former opinion clearly point out and emphasize this distinction, and as the loss did not result to plaintiffs from the city's failure to comply with any contract to furnish water for fire protection, there can be no recovery.

Judgment affirmed.