## Yowell v. Lebanon Waterworks Company.

(Decided May 18, 1934.)

346

P. K. McELROY and J. WALTER HARDESTY for appellant.
CHARLES C. BOLDRICK and W. H. SPRAGENS for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

W. B. Yowell owned a house in Lebanon. He brought this action against the Lebanon Waterworks Company to recover for the loss of his house by fire, alleging negligence in the water company in furnishing water to put out the fire. After the petition was filed, an agreed statement of facts was filed as a part of the petition. On these agreed facts the circuit court sustained the demurrer to the petition and dismissed it. The plaintiff appeals.

The agreed facts are these: The Lebanon Waterworks Company was incorporated under the special act of the General Assembly approved March 6, 1884 (see Acts 1883-84, c. 317, vol. 1, p. 579). The act was amended by the act approved March 2, 1886 (see Acts 1885-86, c. 117, vol. 1, p. 454), providing that the city of Lebanon might subscribe for stock in the company and issue bonds to pay for the stock, subject to an election to be held by the people voting the bonds. These acts were again amended April 30, 1890 (see Acts 1889-90, c. 1156, vol. 2, p. 1670), providing how the directors should be appointed and their duties. The city of Lebanon is a city of the fourth class, and subscribed for 600 shares of the capital stock of the Lebanon Waterworks Company; issued the bonds of the city to pay for the stock and the proceeds of the bonds were used in the construction of the plant of the Lebanon waterworks. The city owned all of the stock of the waterworks company and that company, as originally organized, has never been dissolved. The city council, acting for the city, elects the directors of the waterworks company. The directors elect a president and other officers and em-

ployees, who manage and conduct the business of the waterworks company. The income received from the operation of the waterworks company's plant is used for the operation and maintenance of the plant and any surplus income is paid and turned over to the city of Lebanon for municipal purposes. The accounts of the waterworks company, including its bank acounts, are kept separated from the accounts of the city of Lebanon; the board of directors rendering each year to the council of the city a report showing the receipts and disbursements, as required by law.

It has been held in a long line of cases that where a waterworks company has contracted with a city to furnish a supply of water for the protection of property in the city against fire, a citizen of the city under section 18 of the Code of Civil Practice may maintain an action against the water company to recover for the loss of his property by fire, resulting from its failure to perform its contract. See Harlan Water Co. v. Carter, 220 Ky. 493, 295 S. W. 426; Kentucky Utilities Co. v. Farmers', etc., Stock Yards Co., 246 Ky. 40, 54 S. W. (2d) 364, and cases cited. On the other hand it has been held that if the city is the owner of and operates a waterworks system, the city is not liable for any loss of property by reason of the failure to furnish water to put out a fire. Phillips v. Kentucky Utilities Co., 206 Ky. 151, 266 S. W. 1064; Phillips v. City of Elizabethtown, 218 Ky. 428, 291 S. W. 358; Small v. City of Frankfort, 203 Ky. 188, 261 S. W. 1111, 33 A. L. R. 692, and cases cited. In Commonwealth v. Lebanon Water Works, 130 Ky. 61, 112 S. W. 1128, 20 L. R. A. (N. S.) 224, a revenue agent sought to tax the sinking fund created to liquidate the bonded debt incurred by the city in the purchase of the waterworks system in question, but it was held that this money was simply the money of the city, held for a public purpose and not liable for taxation. The same principle must apply here. While the waterworks system is operated in the name of the waterworks company, it is only a part of the city government. The mere form in which the city operates the system does not in any wise affect the rights of the parties. Under the well-settled rule if the city operates this system in the name of the city, the action could not be maintained against it. To allow the plaintiffs to maintain the action and recover against the waterworks company would be simply to allow them to maintain an action against a

348

branch of the city government. All the surplus from the operation of the plant is paid into the city treasury for municipal purposes, and, if a judgment in favor of the plaintiffs was paid, there would be this much less to pay into the municipal treasury. To allow the action to be maintained against the waterworks company would be therefore simply to allow a recovery against the city. The court will look at the substance not the form. Com. v. Southern R. Co., 193 Ky. 474, 237 S. W. 11.

Judgment affirmed.