REYNOLDS BOAT COMPANY, INC. & others *vs.* CITY OF HAVERHILL.

Essex.   May 7, 1970. — June 12, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Municipal Corporations,* Fire protection, Liability for tort.

A municipality was not liable in tort to the owner of premises for alleged negligent failure to provide a water supply adequate to enable its fire department through use of its hydrants to contain or reduce a fire which damaged the premises.

TORT.   Writ in the Superior Court dated June 27, 1969.

The action was heard by *DeSaulnier, J.,* on a demurrer.

*Richard P. Hamel* for the plaintiffs.

*John J. Ryan, III,* City Solicitor (*Ashod N. Amirian,* Assistant City Solicitor, with him), for the defendant.

WILKINS, C.J.   In this action of tort for negligence there were three substantially identical counts brought respectively by Reynolds Boat Company, Inc., Kenneth Reynolds, and Teresa Reynolds.

Each count alleged that the city "promise[d]" to and undertook to provide water for the plaintiff's use and "undertook to provide the plaintiff with adequate water to service hydrants in the area for whatever use the said hydrant should be put, that the defendant knew that the water service either it's [*sic*] conduits or pumping facilities were

inadequate for providing the plaintiff with proper protection in the event of fire through the hydrant's use in that regardless of it's [*sic*] knowledge the defendant failed to properly maintain or to correct the inadequacies in the water pressure and or system running to the hydrant located nearest to the plaintiff's property." As a result of the defendant's negligence due to the inadequacies of the water supply the fire department of the city was unable to contain or reduce the effects of a fire on the plaintiff's property, to the damage of the plaintiff.

The defendant demurred to the declaration on the grounds that the allegations did not set forth a legal cause of action; that a municipal corporation cannot be sued in tort for the acts of its employees; and that a municipal corporation cannot be held liable for damage to property within its limits by a fire which it did not set because of its failure to provide or maintain an adequate supply of water or of sufficient pressure to extinguish the fire.

The demurrer was sustained. The plaintiffs appealed.

The demurrer was rightly sustained. In short, there was no "promise" by the city as alleged in the declaration. We see no sound reason for overruling *Tainter* v. *Worcester*, 123 Mass. 311, where it was held that the city by providing fire protection made no contract with, and assumed no liability to, the owners of property to furnish water for the extinguishment of fires. At p. 317, it was said that the plaintiff "has no right of action against the city . . . for neglecting to maintain the hydrant, or for cutting off its supply of water." One ground of decision was that the waterworks "were, so far as related to safeguards against fire, to be erected and maintained by the city for the benefit of the public and without pecuniary compensation or emolument" (p. 316).

The principle that there is a distinction between the extent of the municipality's undertaking in the case of a governmental function, such as fire protection, and its undertaking in the case of a commercial function has continued to prevail in this Commonwealth. *Galassi Mosaic & Tile Co.* v.

*Boston,* 295 Mass. 544, 551. *Sloper* v. *Quincy,* 301 Mass. 20, 23–24. *Baumgardner* v. *Boston,* 304 Mass. 100, 104–105. *Galluzzi* v. *Beverly,* 309 Mass. 135, 138. *Harvard Furniture Co.* v. *Cambridge,* 320 Mass. 227, 229. *Gordon* v. *Medford,* 331 Mass. 119, 123. See *Boston Safe-Deposit & Trust Co.* v. *Salem Water Co.* 94 Fed. 238, 240 (N. D. Ohio). Nothing is held to the contrary in *Cole Drug Co. of Mass.* v. *Boston,* 326 Mass. 199. See especially page 201. The same general principle continues to be widely observed elsewhere. *Fairbanks* v. *Gilbertson,* 16 Alaska, 590, 598. *Stang* v. *Mill Valley,* 38 Cal. 2d 486. *Yowell* v. *Lebanon Waterworks Co.* 254 Ky. 345, 347. *Stevens* v. *Manchester,* 81 N. H. 369. *Springfield Fire & Marine Ins. Co.* v. *Keeseville,* 148 N. Y. 46. *Harrington* v. *Greenville,* 159 N. C. 632. *Taylor* v. *Devil's Lake,* 87 N. W. 2d 401 (N. D.). *Nashville Trust Co.* v. *Nashville,* 182 Tenn. 545, 549.

Any change in the policy of this Commonwealth extending the undertaking of municipalities so as to create liability to individual property owners for damage caused by inadequacies in the system of fire protection, must lie with the Legislature.

*Order sustaining defendant's
demurrer affirmed.*