GANS TIRE SALES CO., INC. *vs.* CITY OF CHELSEA (and four companion cases). July 6, 1983. *Governmental Immunity. Municipal Corporations,* Liability for tort, Fire protection, Waterworks.

After the plaintiffs in these consolidated actions had completed their opening statements a judge of the Superior Court allowed the defendant city of Chelsea's motion for directed verdicts. This is an appeal from the resulting judgments entered in each action.

The facts alleged in the opening statements of the plaintiffs are as follows. On May 22, 1974, a fire broke out at the American Barrel Company, Inc., in Chelsea. As the fire spread through the American Barrel plant radiant heat from the flames caused damage to, or destruction of, the plaintiffs' buildings and personal property. The plaintiffs contended that the city of Chelsea was negligent in maintaining its water supply system; specifically, that the supply of water to the plaintiffs' sprinkler systems was not sufficient, and, as a result, the sprinkler systems were not able to contain or reduce the effects of the fire on the plaintiffs' property.

The issue before us is whether the plaintiffs' actions are barred as matter of law by the doctrine of municipal immunity. The present G. L. c. 258 has no application to the circumstances of this case, as the incident occurred prior to its amendment. See St. 1978, c. 512, § 16; *Lumarose Equip. Corp.* v. *Springfield,* 15 Mass. App. Ct. 517, 523 (1983). Thus, the narrow question here is whether the city of Chelsea was acting "for the common good of all without the element of special corporate benefit or pecuniary profit. If it [was], there is no liability; if it [was] not, there may be liability." *Whitney* v. *Worcester,* 373 Mass. 208, 214 (1977), quoting from *Bolster* v. *Lawrence,* 225 Mass. 387, 390 (1917).

The plaintiffs argue that the water was to be supplied as the result of a commercial relationship; therefore, the consumption would be commer-

cial in nature. We do not agree. The plaintiffs stated no facts in their openings which demonstrated in the instant circumstances a commercial or proprietary function on the part of the city of Chelsea. Regardless of how the plaintiffs try to characterize their sprinkler systems, the city was providing water for use in the sprinklers for fire protection. "A municipality operating waterworks pursues that activity in a dual capacity. So far as it undertakes to sell water for private consumption the city engages in commercial venture, functions as any other business corporation, and is liable for the negligence of its employees. In so far, however, as the municipality undertakes to supply water to extinguish fires, it acts in a governmental capacity and cannot be held liable for negligence on the part of its employees." *Nashville Trust Co.* v. *Nashville*, 182 Tenn. 545, 549 (1945), cited with approval in *Reynolds Boat Co.* v. *Haverhill*, 357 Mass. 668, 670 (1970). The *Nashville Trust Co.* case is in accord with the Massachusetts common law rule that there is no municipal liability for injuries arising out of the negligent failure to "furnish water for the extinguishment of fires." *Reynolds Boat Co.* v. *Haverhill, supra* at 669. A municipality is not liable for damages "caused by inadequacies in the system of fire protection." *Id.* at 670.

The plaintiffs' reliance on *New England Mobile Book Fair, Inc.* v. *Boston,* 2 Mass. App. Ct. 404 (1974), is misplaced, because in that case, the judge's ruling that "the city had been engaged in a proprietary function" was not challenged on appeal. *Id.* at 409-410 & n.6. *Cole Drug Co.* v. *Boston,* 326 Mass. 199 (1950), is likewise unavailing, as there the negligence of the city "arose not out of fire protection [functions] but out of acts related to the [main] water supply system." *Id.* at 201. Nothing in *Sloper* v. *Quincy,* 301 Mass. 20 (1938), is to the contrary.

*Judgments affirmed.*

*Joseph L. Doherty, Jr.,* for Gans Tire Sales Co., Inc. & others.
*Stephen H. Lash* for Gibbs Oil Company & another.
*Ira H. Zaleznik* for the city of Chelsea.