Hillsborough, }
Nov. 5, 1924. }

### ABBIE D. STEVENS v. MANCHESTER.

### HAROLD M. WORTHEN v. SAME.

### GEORGE VAN BROCKLIN v. SAME.

A city operating its own waterworks is not liable for losses by fire due to its failure to keep its street hydrants in working order.

CASE, for negligence. The plaintiffs allege that fire losses to them were occasioned by the negligent failure of the defendant to keep its street hydrants in working order. In the superior court the defendant's demurrers were sustained, subject to exception, by *Marble*, J.

*Branch & Branch* (*Mr. Frederick W. Branch* and *Mr. Charles E. Robitaille* orally), for the plaintiffs.

*Warren, Howe & Wilson* (*Mr. Charles B. McLaughlin* orally), for the defendant.

PEASLEE, C. J. "The use of the water from the hydrants is a public use, enjoyed in common by the people, and from which the city in its corporate capacity receives no special advantage; and, in the absence of a statute giving the action, the defendants cannot be made liable for a neglect of duty in respect to such public use." *Edgerly* v. *Concord*, 62 N. H. 8, 22, and cases cited. The limitations of municipal liabilities have been discussed in many cases since *Edgerly* v. *Concord* was decided in 1882. In none of these cases is there any question made of the soundness of the proposition above quoted. It has always been understood that it was essential for a plaintiff to show the breach of a duty owed to him privately, as distinguished from one owed to the public.

Negligence, in law, is the breach of a duty to use care. If there is no duty there is no negligence. In the present case the city entered upon the work of voluntarily supplying water for the extinguishment of fires upon private property. It was under no obligation to undertake the work, or to continue it, or to do it in any particular way. The plaintiffs fail because they do not show the existence of a duty owed them by the defendant.

If it were assumed that in supplying water for fire service the commissioners were the agents of the city, for whose negligence the city would be responsible, the plaintiffs would stand no better. *Lockwood* v. *Dover*, 73 N. H. 209, relied upon by the plaintiffs, does not apply to the present case. The complaint there was that the sewer created a nuisance, to the damage of the plaintiff. It was not an action for failure to supply sewer facilities. The distinction between that case and this is that between the invasion of a private right and the mere failure to carry out a voluntary and gratuitous undertaking.

When in the course of the performance of work voluntarily undertaken by a municipality in its private capacity its agents are brought into relation with a third party, a duty arises to refrain from negligent injury to him. But this obligation relates to misfeasance only. If the municipality does nothing, no liability can be incurred. Such a liability cannot be predicated upon mere nonfeasance. Action or nonaction being within the defendant's right, no complaint can be made that it fails to act.

In order for these plaintiffs to recover they must establish that the defendant owed to them a duty to supply water for the extinguishment of fires. It has long been the declared law in this jurisdiction that no such duty exists. The numerous authorities elsewhere are substantially all to the same effect.

The plaintiffs place their chief reliance upon *Lenzen* v. *New Braunfels*, 13 Tex. Civ. App. 335. That decision was rendered by an intermediate court for a district within the state. The declaration alleged negligent failure to supply water both for public hydrants and also for private stand-pipes upon the plaintiff's premises, and that the plaintiff paid the defendant tolls for supplying water to the stand-pipes. The very lengthy opinion does not clearly state whether liability is held to exist for failure to supply the public hydrants. It several times falls back upon the proposition that the plaintiff had a contract with the city and paid for service to be furnished. But whatever the opinion may mean, it is not to be regarded as an authority. In an earlier case, the Texas court of last resort had said: "If the city had been operating its own waterworks and had failed to supply water, as did the defendant, and the same consequences had resulted to plaintiffs, it would not have been liable for the property burned." *House* v. *Houston &c. Company*, 88 Tex. 233, 248. This is disregarded in *Lenzen* v. *New Braunfels, supra,* upon the ground that it was dicta. Whatever might be thought of the value of the latter case as an authority under these circumstances, later adjudica-

tions in that state show that the law there is not in favor of these plaintiffs. In *Butterworth* v. *Henrietta*, 25 Tex. Civ. App. 467, the precise question involved here was presented. It was held that the city was not liable, and the court of last resort denied a writ of error.

It does not affect the law applicable to the present situation that the city also maintained its waterworks for the purpose of supplying water to individual users, and ·collected pay therefor. "Of the use of the water-works for which tolls were paid, or of anything done in the business of providing for it, the plaintiff does not complain. Mere division of the state government into general and local does not make either part suable, and neither part is made liable for its uncompensated transaction of the public business of a fire department, by the circumstance that it is engaged in some other public business, the expense of which is borne by those specially benefited by it instead of the tax-payers." *Edgerly* v. *Concord*, 62 N. H. 8, 22, 23.

*Exceptions overruled.*

All concurred.