HALL, ADMX., APPELLEE, *v.* CITY OF YOUNGSTOWN, APPELLANT.

[Cite as Hall v. Youngstown, 15 Ohio St. 2d 160.]

(No. 41382—Decided July 10, 1968.)

*Mr. Daniel L. Rossi,* for appellee.

*Mr. P. J. Melillo,* director of law, and *Mr. William J. Higgins,* for appellant.

MATTHIAS, J.   The only question to be resolved by this court in this case is whether the defendant was acting in a governmental capacity or a proprietary capacity in providing the allegedly defective hydrant.

Defendant relies heavily on prior decisions of this court as reason for this court to decide the issue before us adversely to plaintiff.   The earliest case relied upon by defendant is the case of *Wheeler* v. *Cincinnati,* 19 Ohio St. 19.   The syllabus in the *Wheeler case* provides:

"The power conferred by the statute, on cities of this state, to organize and regulate fire companies, and provide engines, etc., for extinguishing fires, is, in its nature, legislative and governmental; *and a city is not liable to individuals for damage resulting from a failure to provide the necessary agencies for extinguishing fires,* or from the negligence of officers or other persons connected with the fire department."   (Emphasis added.)

In *Wheeler,* the suit was against the city for property damage allegedly caused by the city's failure to provide any means with which to extinguish fires in the immediate vicinity of plaintiff's property.   The sustaining of defendant's demurrer to the petition was affirmed on appeal, and this court refused leave to file a petition in error.

The *Wheeler case* has never been overruled and is still authority today for the proposition that a municipality is not amenable to suit for failing to provide adequate facilities for fighting fires in a particular area or areas of the city.   However, *Wheeler* gives no clue as to the propriety or impropriety of a distinction sought by plaintiff in this case, *i. e.,* that a city might be acting in a governmental capacity in providing men and equipment with which to fight fires and nevertheless be acting in a proprietary capacity in providing hydrants (from which water might be obtained to fight fires) as part of a municipal water system.

The cases of *Blunk* v. *Dennison Water Supply Co.,* 71

Ohio St. 250; *Aldrich* v. *Youngstown,* 106 Ohio St. 342; *Wooster* v. *Arbenz,* 116 Ohio St. 281; *Eversole* v. *Columbus,* 169 Ohio St. 205; *Hyde* v. *Lakewood,* 2 Ohio St. 2d 155; and *Gabris* v. *Blake,* 9 Ohio St. 2d 71, also cited by appellant, are likewise of no benefit to the disposition of this case.

Except for the *Blunk case,* those cases merely restate and reiterate the established principle that where a municipality acts in a governmental capacity it is not amenable to suit for the tortious conduct of its agents, and where it acts in a proprietary capacity it is.

In *Blunk,* the defendant was a private water company which had contracted with the village of Urichsville to supply water and furnish fire fighting equipment. Plaintiff alleged that, due to the fact that the contractual obligation was not met, her house burned down, and she sought recourse against the defendant. This court recognized the action as being founded upon contract, rather than tort, liability, and held that plaintiff (being only an incidental beneficiary of the contract) had no right to bring suit.

The *Blunk case* was followed in the recent Court of Appeals case of *Clark* v. *Meigs Equipment Co.,* 10 Ohio App. 2d 157, also cited by appellant.

Plaintiff in this case admits the principle that a municipality *in its capacity as a firefighter* is immune from suit, but strongly urges that *in its capacity as a provider of water* it is not immune from suit.

Plaintiff is seeking to have this court extend its holding in the case of *Barberton* v. *Miksch,* 128 Ohio St. 169, where, in paragraph two of the syllabus, we held:

"In the construction and maintenance of a system for supplying water to its inhabitants, a municipality acts in a proprietary capacity."

The *Barberton case* involved seepage of water from a city reservoir onto the land of plaintiff, causing damage. It was clearly a trespass, and this court held that the city was amenable to suit.

Plaintiff has cited several cases from foreign jurisdictions wherein recovery was allowed for property damage caused by leaks from hydrants or branches servicing hy-

drants. *Boyle* v. *Pittsburgh,* 145 Pa. Sup. 325; *Stiffel* v. *St. Louis* (Mo.), 181 S. W. 577; *Dunstan* v. *New York,* 91 App. Div. 355, 86 N. Y. Supp. 562. Those cases, of course, represent applications of the principle of the *Barberton case* to that particular element of a city water system involved in this proceeding, viz., hydrants. However, none of them are concerned with the precise issue presented to this court by this case.

However, plaintiff has also directed this court's attention to a recent decision of the Supreme Court of Pennsylvania in *Malter* v. *South Pittsburgh Water Co. and Whitehall Borough,* 414 Pa. 231, 198 A. 2d 850 (decided March 17, 1964), which appears to be directly in point.

In that case, the plaintiffs owned a house in Whitehall, Allegheny County, Pennsylvania, which was destroyed by fire on March 9, 1960. The plaintiffs sued the Borough of Whitehall (a municipal corporation) and the South Pittsburgh Water Company, claiming that the defendants failed to properly maintain several hydrants servicing the area and that the loss of the house would not have occurred had those hydrants not been allowed to become "rusted, decayed and clogged." The Common Pleas Court of Allegheny County sustained preliminary objections to the complaint by the defendants on the ground that the averments did not state a cause of action. The Supreme Court of Pennsylvania reversed, determining that the maintenance of fire hydrants, which are an incidental part of a city water system, is a function proprietary in nature, and that a city is amenable to suit for damages caused by its negligent failure to maintain in proper working condition whatever hydrants are included in that water system.

The *Malter case* is directly in point, and though it is persuasive authority only, we feel that it represents the better view.

Under prior decisions of this court, it is clear that a muncipality is acting in a governmental capacity in the acquisition and allocation of resources for fighting fires. *Wheeler* v. *Cincinnati, supra* (19 Ohio St. 19). Likewise, a municipality acts in a governmental capacity when it brings

those resources into action. *Frederick* v. *Columbus,* 58 Ohio St. 538. See *Aldrich* v. *Youngstown, supra* (106 Ohio St. 342). However, in maintaining a municipal water supply system it acts in a proprietary capacity. *Barberton* v. *Miksch, supra* (128 Ohio St. 169).

It is a rather elemental conclusion that the utility of a hydrant stems from its connection with a water supply system. Its primary use is to make immediately available a supply of water for the extinguishment of fires. That supply is accessible only because piped to the hydrant area through water mains. The problem in this case, as we see it, is the question of where water supply (proprietary in nature) ends, and fire fighting (governmental in nature) begins. We believe it to be at the hydrant nozzle.

Accordingly, we view the circumstances of this case as inappropriate for applying the doctrine of sovereign immunity.

The admittedly governmental function of fighting the fire at plaintiff's residence on December 31, 1963, may have been impeded due to the defendant's failure to maintain an existing component of its water system (the fire hydrant nearest plaintiff's house) in proper working condition. If the defendant's failure to maintain that hydrant in operating order was due to the negligence of its agents charged with the maintenance of that part of the city water system, and that negligence was the proximate cause of the death of plaintiff's minor son, then plaintiff may recover.

It follows that the Court of Appeals was correct in its judgment remanding the cause to the Court of Common Pleas, and we, therefore, affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurs in paragraph one of the syllabus, but dissents from paragraphs two and three thereof and from the judgment.