■ Virginia Jaramillo, Plaintiff, v Callen Realty et al., Defendants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants. (Action No. 1.) Lovella Beres, Appellant-Respondent, v City of New York et al., Respondents, and Tarquin Callen et al., Respondents-Appellants. (Action No. 2.) [607 NYS2d 226] —Order, Supreme Court, New York County (Harold

Baer, Jr., J.), entered on or about August 28, 1993, which granted a motion by the municipal third-party defendants in Action No. 1 and defendants in Action No. 2 for dismissal of the complaint and all cross-claims in Action No. 2 pursuant to CPLR 3211 (a) (7), and denied as moot a motion by the third-party defendant in Action No. 1 and plaintiff in Action No. 2 for an order mandating compliance with discovery, unanimously affirmed, without costs.

It is alleged that the municipal defendants failed to enforce safety laws affecting loft residences, even after a meeting between the tenants of the subject building and the Loft Board, and are therefore liable for the destruction of one tenant's loft by fire. There has been no pleading or showing of a special relationship between the municipality and an individual or identified class of persons warranting the imposition of a duty to use reasonable care for the special benefit of particular persons *(see, Garrett v Holiday Inns,* 58 NY2d 253, 261), as it is not alleged that affirmative personal assurance was made to the tenant party *(see, Bardavid v New York City Tr. Auth.,* 61 NY2d 986). Further, the regulation of loft housing does not present an instance where disregard of a statutory command "results in damage to one of the class for whose especial benefit the statute was enacted" *(Motyka v City of Amsterdam,* 15 NY2d 134, 139), since it was not the purpose of the Loft Law to create new rights not previously enjoyed by the general public and confer them solely on loft dwellers, but to give loft dwellers the protection previously enjoyed by apartment and house dwellers by bringing loft residences into the existing scheme of residential regulation *(see, Blackgold Realty Corp. v Milne,* 119 AD2d 512, 515, *affd* 69 NY2d 719). Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ. *[See,* 154 Misc 2d 869.]