501 S.E.2d 746

**Larry and Earther WELLS, Appellants,**

v.

**The CITY OF LYNCHBURG and The County of Lee, Respondents.**

**No. 2847.**

Court of Appeals of South Carolina.

Submitted May 5, 1998.

Decided May 18, 1998.

J.G. McGee, III, of Dusenbury & Snow, Florence, for Appellants.

George C. James and John E. James, III, of Richardson, James & Player, Sumter, for Respondents.

ANDERSON, Judge:

Larry and Earther Wells (Appellants) brought this tort action against the City of Lynchburg and Lee County after a fire destroyed Appellants' home and its contents. The City of Lynchburg and Lee County moved for summary judgment, arguing the suit was barred by the South Carolina Tort Claims Act and the public duty rule. The trial court granted the motion. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

On October 29, 1992, Appellants' home caught on fire. The home was located in the City of Lynchburg, in Lee County, South Carolina. The fire completely destroyed the home and its contents. Appellants filed this action in 1994 alleging, *inter alia*, that the City was negligent in failing to inspect and maintain the fire hydrants and/or water lines for three nearby fire hydrants, and in failing to notify the Lee County Fire Department that certain fire hydrants were inoperative. They claimed two of the hydrants did not have sufficient water pressure and a third hydrant was rusted shut. Appellants alleged Lee County was negligent in failing to promptly provide adequate firefighting personnel and equipment at its disposal to extinguish the fire. They averred Lee County owed a special duty to them to promptly provide adequate personnel and equipment to extinguish the residential fire.

In their Amended Answer, the City and Lee County contended only one fire hydrant did not operate properly, but it did not affect the County's ability to fight the fire. They maintained some of the fire trucks at the scene had their own water supply and other nearby fire hydrants were used, but the fire was extremely hot and uncontrollable, despite the firefighters' maximum efforts to extinguish the blaze. They asserted the Tort Claims Act barred Appellants' claims and, further, any duty owed to Appellants was a public duty as opposed to a private duty; therefore, no duty of care existed to Appellants specifically and individually.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

It is uncontradicted that the City of Lynchburg had notice of one malfunctioning hydrant (# 20) at least three weeks before the fire, but it had not been repaired. However, in his deposition testimony, Chief Larry J. Logan, Sr. stated the fire department did not need to use that hydrant and there was never a time that the department had insufficient water to fight the fire. The trial court granted summary judgment in favor of the City and Lee County, stating although certain matters of fact were in dispute, "the resolution of these factual issues are not necessary for a resolution of the motion" for summary judgment. The court concluded the action was barred by the Tort Claims Act and the public duty rule. The court found any duty of fire protection is owed to the public at large, not specific individuals.

## ISSUES

(1) Did the trial court err in granting the motion for summary judgment as to the City of Lynchburg on the basis that the South Carolina Tort Claims Act barred the action?

(2) Did the trial court err in finding that the duty to maintain fire hydrants is a public duty and not a special duty?

## STANDARD OF REVIEW

A trial court should grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. *See also Tupper v. Dorchester County*, 326 S.C. 318, 487 S.E.2d 187 (1997); *Kreutner v. David*, 320 S.C. 283, 465 S.E.2d 88 (1995).

An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56(c), SCRCP: summary judgment is properly upheld when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 410 S.E.2d 537 (1991). *See also* 5 Am.Jur.2d *Appel-*

*late Review* § 700 (1995) ("In reviewing a grant of summary judgment, the appellate court is limited to the evidence that was before the trial court and applies the same standard of review as did the trial court.").

Under Rule 56(c), SCRCP, the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact. *Baughman,* 306 S.C. 101, 410 S.E.2d 537. Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. Rather, the non-moving party must come forward with specific facts showing there is a genuine issue for trial. Rule 56(e), SCRCP; *SSI Med. Servs., Inc. v. Cox,* 301 S.C. 493, 392 S.E.2d 789 (1990); *Baughman,* 306 S.C. 101, 410 S.E.2d 537; *NationsBank v. Scott Farm,* 320 S.C. 299, 465 S.E.2d 98 (Ct.App.1995), *cert. denied* (S.C.1996).

In determining whether any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party. *Koester v. Carolina Rental Ctr., Inc.,* 313 S.C. 490, 443 S.E.2d 392 (1994); *Eagle Constr. Co. v. Richland Constr. Co.,* 264 S.C. 71, 212 S.E.2d 580 (1975).

## LAW/ANALYSIS

### I.  South Carolina Tort Claims Act

■  The common law doctrine of sovereign immunity was abolished by the South Carolina Supreme Court in *McCall by Andrews v. Batson,* 285 S.C. 243, 329 S.E.2d 741 (1985). In 1986, the legislature enacted the South Carolina Tort Claims Act, S.C.Code Ann. §§ 15–78–10 to –200 (Supp.1997), which waives immunity while also providing specific, enumerated exceptions limiting the liability of the state and its political subdivisions in certain circumstances. The Tort Claims Act "is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15–78–70(b)." [2]  S.C.Code Ann. § 15–78–20(b) (Supp.1997).

----

2.  Section 15–78–70(b) states no governmental employee is immune from liability if his conduct was not within the scope of his official

■ Under the Act, a governmental entity is not liable for a loss resulting from certain enumerated events, including the following:

civil disobedience, riot, insurrection, or rebellion or *the failure to provide the method of providing police or fire protection;*

S.C.Code Ann. § 15–78–60(6) (Supp.1997) (emphasis added).

The essence of Appellants' complaint against Lee County is that the County failed to promptly provide adequate firefighting personnel and equipment. Appellants now concede that section 15–78–60(6) of the Tort Claims Act quoted above bars their action against Lee County for the alleged failure to provide adequate firefighting personnel and equipment. However, Appellants contend its remaining claim against the City of Lynchburg for failure to inspect and/or maintain a system of fire hydrants and to notify proper authorities of inoperative fire hydrants survives despite the provision in section 15–78–60(6).

Because of the peculiar wording of section 15–78–60(6), the trial court looked beyond the actual language to interpret the statute. Oklahoma and Texas have similar statutes in their respective tort claims acts. In both Oklahoma and Texas, the statutes provide for no liability for any claim arising from the failure to provide, *or* the method of providing, police or fire protection. *See* Okla. Stat. Ann. tit. 51, § 155(6) (Supp.1998) (statute excludes liability for "civil disobedience, riot, insurrection or rebellion or the failure to provide, or the method of providing, police, law enforcement or fire protection"); Tex. Civ. Prac. & Rem.Code Ann. § 101.055(3) (1997) (no liability "from the failure to provide or the method of providing police or fire protection"). The conjunctive "or" is missing from the South Carolina statute. The trial court noted that a report of the Judiciary Committee of the South Carolina House of Representatives dated February 13, 1980, Calendar Number H.2499, contains a version of the section that includes the word "or." That version states a governmental entity is not liable for "the failure to provide, or the method of providing,

duties or it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. S.C.Code Ann. § 15–78–70(b) (Supp. 1997).

police or fire protection." We agree with the trial court's conclusion that the subsequent omission of the word "or" in section 15–78–60(6) is apparently a scrivener's error.

Appellants argue even if section 15–78–60(6) contains a scrivener's error, it does not operate as a bar to their claim for negligent maintenance and inspection of the fire hydrant system against the City of Lynchburg. We disagree.

In *Shockey v. Oklahoma City,* 632 P.2d 406 (Okla.1981), the Oklahoma Supreme Court interpreted its version of section 15–78–60(6) based on facts similar to the case at bar. In *Shockey,* the plaintiff alleged the city negligently failed to properly maintain a fire hydrant or to warn the plaintiffs of its malfunction. In sustaining the dismissal of the plaintiffs' action, the court explained:

> The general rule is that the operation and maintenance of a fire department by a municipal corporation is an exercise of a governmental function so as to accord it sovereign immunity from liability when acting in such capacity. Oklahoma, by enactment of [its tort claims act] has statutorily recognized that a municipality's immunity from tort liability applies to it while engaged in fire protection and prevention.

> Under § 155(6) appellee is exempted from liability for failure to provide, or the method it employs in providing, fire protection. Fire hydrants, as such, are a part of the physical structure of the fire department and their maintenance, including an adequate supply of water, and their repair are incidental to the operation of the fire department. The fire hydrants were installed for the purpose of fire protection. Although appellants' damages may have resulted from a failure of the water service, supplying water to the fire hydrants was just a part of appellee's overall operation in providing fire protection. Assuming, arguendo, appellee negligently failed to employ the proper methods in checking its water service for the proper operation of its fire hydrants, § 155(6) clearly exempts it from liability.

*Id.* at 408 (citations omitted).

Appellants rely on an Ohio case, *Hall v. City of Youngstown,* 15 Ohio St.2d 160, 239 N.E.2d 57 (1968) to support their position. In *Hall,* the court determined that although a municipality acts in a governmental capacity in

fighting fires, the maintenance of fire hydrants and the supply of water for extinguishing fires was proprietary in nature; therefore, sovereign immunity did not apply. The court found that sovereign immunity for the governmental activity of fighting fires ends "at the hydrant nozzle." *Id.* at 165, 239 N.E.2d 57. This case has been effectively overruled and superseded by Ohio statutory law which provides for immunity for the discretionary actions of a political subdivision. *See* Ohio Rev.Code Ann. § 2744.03(A)(3) (Supp.1997). Moreover, South Carolina does not recognize a distinction between municipal activities deemed governmental versus those activities that are in the nature of business and usually deemed proprietary. *McKenzie v. City of Florence,* 234 S.C. 428, 108 S.E.2d 825 (1959), *overruled on other grounds in McCall by Andrews v. Batson,* 285 S.C. 243, 329 S.E.2d 741 (1985) (abolishing the common law doctrine of sovereign immunity and overruling *McKenzie* and other cases to the extent they hold an action may not be maintained against the state without its consent). Rather, all functions exercised by municipal corporations under powers constitutionally granted to them by the General Assembly are considered public and governmental. *Id.*

We agree with the reasoning of the Oklahoma court in *Shockey* and hold the South Carolina Tort Claims Act precludes Appellants' action. The maintenance of fire hydrants and the supply of water for fighting fires clearly is included in the exceptions from liability in section 15–78–60 for the method of providing fire protection and the discretionary act of maintaining the city water system with the resources available. *See, e.g., Pierce v. Village of Divernon,* 17 F.3d 1074 (7th Cir.1994) (Illinois tort claims act codifies common law rule that a municipality owes the public no general duty of fire protection and that it therefore cannot be held liable either for failing to provide or negligently providing fire protection services; an alleged failure to provide sufficient water or water pressure could be viewed either as a complete failure to provide fire protection or as a failure to provide sufficient facilities to suppress or contain a fire; either way, the municipality is immune); *Lainer Invs. v. Department of Water and Power,* 170 Cal.App.3d 1, 215 Cal.Rptr. 812 (1985) (where California code provided no public entity is liable for the failure to provide or maintain sufficient personnel, equipment,

or other fire protection facilities, the city was immune from tort liability for inadequate water supply where valve to city water line was not fully open); *Gans Tire Sales Co. v. City of Chelsea,* 16 Mass.App.Ct. 947, 450 N.E.2d 668 (1983) (actions against city for negligently failing to supply sufficient water to sprinkler systems to avert fire damages were barred as a matter of law by the doctrine of municipal immunity); *City of Columbus v. McIlwain,* 205 Miss. 473, 38 So.2d 921 (1949) (municipality is not responsible for the destruction of property within its limits by a fire merely because, through the negligence or other default of the municipality or its employees, the members of the fire department failed to extinguish the fire regardless of whether this failure is due to an insufficient supply of water, the interruption of the service during the course of a fire, the neglect or incompetence of the firemen, the defective condition of the fire apparatus, negligence in permitting fire hydrants to become clogged or defective, etc.); *Ross v. City of Houston,* 807 S.W.2d 336 (Tex.App.1990) (city's policy of inspecting fire hydrants was directly connected to the city's method of providing fire protection; therefore, the state tort claims act exclusion from governmental liability for claims arising from the failure to provide or the method of providing fire protection barred suit by homeowner).

## II. Public Duty Rule

█ Appellants also argue the trial court erred in finding the public duty rule bars this action. The trial court ruled that any duty the City of Lynchburg may have owed regarding fire protection was a duty to the public in general and not a special duty to Appellants in particular. Appellants allege the duty to maintain the fire hydrants is a special duty and not a public duty. We find no error.

█ The public duty rule holds that public officials are generally not liable to individuals for their negligence in discharging public duties because the duty is owed to the public at large rather than to anyone individually. An exception is recognized where the plaintiff can establish that the defendant owed a special duty of care to the plaintiff. *Bellamy v. Brown,* 305 S.C. 291, 408 S.E.2d 219 (1991). A special duty of care may be created by statute or some other special circumstance:

Generally, there is no common law duty to act. An affirmative legal duty, however, may be created by statute, contract relationship, status, property interest, or some other special circumstance. Many statutes impose a duty on public officials to perform certain acts. Generally, however, such officials enjoy an immunity from a private cause of action under the public duty rule. This rule holds that public officials are generally not liable to individuals for their negligence in discharging public duties as the duty is owed to the public at large rather than anyone individually.

The public duty rule was originally adopted by this Court in *Parker v. Brown*, 195 S.C. 35, 10 S.E.2d 625 (1940). *Jensen v. Anderson County Dep't of Soc. Servs.*, 304 S.C. 195, 199, 403 S.E.2d 615, 617 (1991). Thus, where the duty is owed to the public in general, the official is not liable to an individual who may have been "incidentally injured" by the failure to perform the duty. *Id.* (quoting *Parker v. Brown*, 195 S.C. 35, 10 S.E.2d 625 (1940)). An exception to the general rule of non-liability exists when the duty is owing to specific individuals rather than the public. *Id.* at 200, 403 S.E.2d at 617.

The public duty rule is distinguishable from immunity. Immunity is an affirmative defense which must be pleaded and can be waived. One who pleads immunity conditionally admits the plaintiff's case, but asserts immunity as a bar to liability. In contrast, the public duty rule is a negative defense which denies an element of the plaintiff's cause of action—the existence of a duty of care to the individual plaintiff. The burden is on the plaintiff to show a duty of care was owed to him. *Rayfield v. South Carolina Dep't of Corrections*, 297 S.C. 95, 105–06, 374 S.E.2d 910, 916 (Ct.App.1988), *cert. denied*, 298 S.C. 204, 379 S.E.2d 133 (1989). In the context of a negligence action, the public duty rule may be stated as follows: a statute prescribing the duties of a public office does not, without more, impose on the person holding that office a duty of care towards individual members of the public in the performance of those duties. *Id.* at 105, 374 S.E.2d at 915–16.

In *Rayfield,* the Court of Appeals articulated a six-part test in determining whether a statute creates a special duty to an individual member of the public: (1) an essential purpose of

the statute is to protect against a particular kind of harm; (2) the statute, either directly or indirectly, imposes on a specific public officer a duty to guard against or not to cause that harm; (3) the class of persons the statute intends to protect is identifiable before the fact; (4) the plaintiff is a person within the protected class; (5) the public officer knows or has reason to know of the likelihood of harm to members of the class if he fails to do his duty; and (6) the officer is given sufficient authority to act in the circumstances or he undertakes to act in the exercise of his office. *Id.* at 106, 374 S.E.2d at 916. *See also Jensen,* 304 S.C. 195, 403 S.E.2d 615 (citing six-part test for determining whether a special duty exists).

The public duty rule presumes statutes which create or define the duties of a public office have the essential purpose of providing for the structure and operation of government or for securing the general welfare and safety of the public. Such statutes create no duty of care towards individual members of the general public. *Summers v. Harrison Constr.,* 298 S.C. 451, 455, 381 S.E.2d 493, 496 (Ct.App.1989) (statute requiring county planning department to refuse to issue building permits to unlicensed residential home builders created no special duty such that department could be held liable for damages on the ground it negligently issued permit to builder).

We note, however, that even if the existence of a special duty is found, the inquiry does not end there. Rather, it must still be determined whether the alleged negligent conduct occurred during the performance of a ministerial or a discretionary duty. *Jensen,* 304 S.C. at 203, 403 S.E.2d at 619. Under the Tort Claims Act, sovereign immunity is abrogated, *inter alia,* as to ministerial acts by governmental entities. *Id.* at 205 n. 4, 403 S.E.2d at 620 n. 4. In contrast, the Tort Claims Act provides a governmental entity is not liable for a loss resulting from the exercise of discretion by the governmental entity or employee or the performance or failure to perform any act which is in the discretion or judgment of the governmental entity or employee. S.C.Code Ann. § 15–78–60(5) (Supp.1997). To sustain immunity under section 15–78–60(5), the governmental entity must show that when faced with alternatives, it actually weighed competing considerations

and made a conscious decision to act or not to act, and that it used accepted professional standards appropriate to resolve the issue before it. *Strange v. South Carolina Dep't of Highways & Pub. Transp.*, 314 S.C. 427, 445 S.E.2d 439 (1994). *See also Niver v. South Carolina Dep't of Highways & Pub. Transp.*, 302 S.C. 461, 395 S.E.2d 728 (Ct.App.1990).

Other than mentioning the existence of certain DHEC regulations, Appellants have failed to point to any statute that creates a special duty on behalf of any public officer of the City of Lynchburg. *See Adkins v. Varn*, 312 S.C. 188, 193, 439 S.E.2d 822, 825 (1993) (where there is a duty to the general public only, an officer is not liable to an individual who is incidentally injured by the officer's failure to perform that duty). The DHEC regulations pertaining to municipal water systems or more particularly, fire hydrants, do not create a special duty reaching beyond the public at large. There is no identification of a particular class of potential victims and there is no particular harm identified in its terms. Accordingly, the trial court did not err in this regard. *See, e.g., O'Dell v. City of Breckenridge*, 859 S.W.2d 166 (Mo.Ct.App.1993) (municipality owed no duty to individuals to provide fire service; ordinarily municipality bears no liability for any act or omission associated with the performance of fire service and without a duty, plaintiff's negligence action must fail); *Stevens v. City of Manchester*, 81 N.H. 369, 127 A. 873 (1924) (city is under no duty to supply water for extinguishment of fires on private property, nor to do it in any particular way; a plaintiff must establish the breach of a duty owed to him privately, as distinguished from one owed to the public; in the absence of a duty, there is no cause of action in negligence for fire losses caused by the city's alleged failure to keep street hydrants in working order); *Blancovitch v. City of New York*, 131 A.D.2d 418, 516 N.Y.S.2d 77 (N.Y.App.Div.1987) (municipality owes no special duty to particular persons to provide adequate water supply to fight fires or to keep its water system in proper repair for firefighting purposes); *Jaramillo v. Callen Realty*, 154 Misc.2d 869, 588 N.Y.S.2d 61 (N.Y.Sup.Ct.1992) (duty of city to furnish water for fighting of fires inures to the benefit of the public at large rather than to any specific person), *aff'd*, 200 A.D.2d 425, 607 N.Y.S.2d 226 (N.Y.App.Div.1994) (motion to dismiss properly granted where plaintiff failed to plead or

show a special relationship between the municipality and an individual or an identified class of persons so as to warrant the imposition of a duty to use reasonable care for the special benefit of particular persons); *Black v. City of Columbia,* 19 S.C. 412 (1883) (where plaintiff alleged city failed to perform its duties to keep water pipes and hydrants in proper order and to keep a sufficient supply of water to extinguish fires, court held an action against a municipal corporation for the non-performance of a *public duty* could not be maintained).

## CONCLUSION

For the foregoing reasons, we hold Appellants' action against the City of Lynchburg is precluded by the South Carolina Tort Claims Act. Moreover, Appellants have failed to establish the existence of a special duty owing to them individually as distinguishable from the public as a whole; therefore, under the public duty rule, an essential element of their tort claim, a duty of care, is lacking. Accordingly, the decision of the trial court is

**AFFIRMED.**

HEARN and HOWARD, JJ., concur.