640 S.E.2d 465

Charles W. HUGGINS, Jr., as Personal Representative of the Estate of Charles Walter Huggins, III, Appellant,

v.

Sheriff James R. METTS, in his official capacity as Sheriff of Lexington County, Respondent.

No. 4168.

Court of Appeals of South Carolina.

Heard Oct. 10, 2006.

Decided Oct. 23, 2006.

Rehearing Denied Jan. 29, 2007.

William Gary White, III, of Columbia, for Appellant.

William H. Davidson II and Andrew F. Lindemann, both of Columbia, for Respondent.

SHORT, J.

Charles Huggins, Jr. (Huggins), as personal representative of the estate of Charles Huggins, III (Deceased), appeals the trial court's decision granting summary judgment in favor of Sheriff James Metts. Huggins contends the trial court erred in holding that his federal and state claims were identical and in holding the federal court decided his state issues. We affirm.

## FACTS

On July 19, 2001, the Lexington County Sheriff's Department (the Police) responded to a call from Huggins stating Deceased was threatening to burn down several homes and to commit suicide. Police did not find Deceased at his home but with the use of bloodhounds, found him in the woods behind his residence. When the Police approached Deceased, they observed that he was armed with two large butcher knives. Police ordered Deceased to drop the knives, but he did not and stated to them that they were going to have to kill him.

The Police brought in a negotiator to attempt to speak with Deceased, however, he was not receptive to speaking with the negotiator. After a period of time, the Police radioed for a taser to subdue Deceased, but upon hearing this, Deceased stated "you're not going to tase me." Deceased indicated that he was "going home" and began walking towards his residence. The Police attempted to keep themselves between Deceased and the residence and continued to demand that Deceased drop the knives. When Deceased continued to advance towards one of the officers, he was told "do not come

any closer or I will shoot." Deceased, still armed with two large butcher knives, continued to approach the officer, and once he got to within fifteen feet, the officer discharged his weapon and shot Deceased. After being shot, Deceased continued toward the officer at which point two other officers shot Deceased. Deceased died as a result of his gunshot injuries.

In July of 2002, Huggins filed suit in federal court alleging the Police violated Deceased's Fourth Amendment rights on the basis that they used unreasonable force in fatally shooting Deceased. Huggins also included supplemental state law claims in this action. The Federal District Court granted summary judgment in favor of the Police regarding the federal claims, but declined to take jurisdiction over the state claims and dismissed them without prejudice. The district court's decision was subsequently affirmed by the United States Court of Appeals for the Fourth Circuit.

On March 25, 2005, the state claims were heard in circuit court. The circuit court granted summary judgment in favor of the Police based on the determination that the federal court decisions barred Huggins's claim under the doctrines of *res judicata*, collateral estoppel, and/or issue preclusion. Further, the circuit court found that Huggins's claim also failed under the Police's argument of self-defense. This appeal followed.

## STANDARD OF REVIEW

"In reviewing a motion for summary judgment, the appellate court applies the same standard of review as the trial court under Rule 56, SCRCP." *Cowburn v. Leventis,* 366 S.C. 20, 30, 619 S.E.2d 437, 443 (Ct.App.2005) (citing *Trousdell v. Cannon,* 351 S.C. 636, 639, 572 S.E.2d 264, 265 (2002)). The judgment may be affirmed only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, SCRCP. The reviewing court must consider the facts and inferences in the light most favorable to the nonmoving party. *Estate of Cantrell by Cantrell v. Green,* 302 S.C. 557, 559, 397 S.E.2d 777, 778 (Ct.App.1990).

## LAW/ANALYSIS

### I. Sovereign Immunity

■ Huggins contends the circuit court erred in determining that his federal and state claims were identical and that

the federal court's determinations were dispositive of his state claims. Huggins argues the federal court addressed only the reasonableness of the Police actions at the time immediately prior to Deceased's shooting and that the state claim alleges negligence in the time frame leading up to the moment preceding the shooting. We need not reach these issues in the disposition of this matter.

The South Carolina Tort Claims Act (the Act) is "the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15–78–70(b)."[1] S.C. Code Ann. § 15–78–20(b) (Supp.2005). The Act waives sovereign immunity "while also providing specific, enumerated exceptions limiting the liability of the state and its political subdivisions in certain circumstances." *Wells v. City of Lynchburg*, 331 S.C. 296, 302, 501 S.E.2d 746, 749 (Ct.App.1998). One such exception to the waiver of immunity is found in section 15–78–60(6) of the South Carolina Code (Supp.2005) which states: "The governmental entity is not liable for a loss resulting from: (6) civil disobedience, riot, insurrection, or rebellion or the failure to provide the method of providing police or fire protection."[2]

Huggins argued before the circuit court that unlike the federal claim, this state claim was about the preparation and events leading up to the time immediately preceding the shooting of Deceased. This action concerns the manner in which the police chose to provide police protection. Because the Act specifically exempts the Police from liability concerning the methods which they choose to utilize to provide police protection, we need not address Huggins's other claims. Even were we to accept all of Huggins's assertions as true, it would not remove the immunity which the legislature has

1. Section 15–78–70(b) states an employee of a governmental entity is not granted immunity from suit by this chapter if the employee's conduct was not within the scope of his official duties, constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

2. This court has previously held this statute contains a scrivener's error. The conjunctive "or" is missing. Therefore, the statute is properly read as the governmental entity is not liable for the failure to provide **or** the method of providing police or fire protection. (*See Wells v. City of Lynchburg*, 331 S.C. 296, 304, 501 S.E.2d 746, 750 (Ct.App.1998)).

bestowed on the Police in this situation. We find no genuine issues of material fact, and, therefore, we affirm the circuit court's granting of summary judgment.[3]

## CONCLUSION

We find no error in the circuit court's granting of summary judgment. Based on the foregoing, the circuit court's order is

**AFFIRMED.**

ANDERSON, J., and HUFF, J., concur.

---

**3.** Although the argument regarding immunity under the Tort Claims Act was not decided by the circuit court, this court "may affirm any ruling, order, or judgment upon any ground(s) appearing in the Record on Appeal." Rule 220(c), SCACR.