THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles Jones,
 in his capacity as Personal Representative for the Estate of Boyce Jones, Appellant,
 v.
 Sumter County
 Sheriff's Office, Respondent.
 
 
 

Appeal From Sumter County
 R. Ferrell Cothran, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2011-UP-058
Submitted February 1, 2011  Filed
 February 15, 2011
AFFIRMED

 
 
 
 J. David Weeks, of Sumter, for Appellant.
 G. Murrell Smith, Jr., of Sumter, for Respondent.
 
 
 

PER CURIAM: Charles
 Jones, the personal representative for the estate of Boyce Jones, appeals the
 trial court's grant of summary judgment in favor of the Sumter County Sheriff's
 Office (the Office).  On appeal, Jones argues the trial court erred in granting
 summary judgment because the Office acted in a grossly negligent manner.  We affirm[1] pursuant to Rule 220(b)(1),
 SCACR, and the following authorities: Edwards v. Lexington Cnty. Sheriff's Dep't, 386 S.C. 285, 290, 688 S.E.2d 125, 128 (2010) ("When
 reviewing a grant of summary judgment, an appellate court applies the same standard
 used by the trial court"); Rule 56(c), SCRCP (stating summary judgment is appropriate when "there is no genuine issue of
 material fact and the moving party is entitled to a judgment as a matter of law."); S.C. Code Ann. § 15-78-60(6) (2005) (stating a
 governmental entity is immune from liability under the South Carolina Tort
 Claims Act (the Act) for the methods the police utilize while providing
 protection); Huggins v. Metts, 371 S.C.
 621, 624, 640 S.E.2d 465, 466-67 (Ct. App. 2006) (finding police immune from
 liability under the Act for acts concerning the police methods used while
 providing protection).
AFFIRMED.
HUFF, SHORT, and PIEPER, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.