**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Evalena Catoe, individually and as Personal Representative of the Estate of Richard L. Catoe, Jr., deceased, Appellant,

v.

The City of Columbia and Leon Lott, in his official capacity as Sheriff of Richland County, Defendants,

Of whom Leon Lott, in his official capacity as Sheriff of Richland County, is the Respondent.

Appellate Case No. 2014-000194

———————

Appeal from Richland County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-547
Heard October 15, 2015 – Filed December 2, 2015

———————

**AFFIRMED**

———————

Pamela R. Mullis, of Mullis Law Firm, PA, of Columbia, for Appellant.

Robert David Garfield and Andrew F. Lindemann, both of Davidson & Lindemann, PA, of Columbia, for Respondent.

---

**PER CURIAM:** Evalena Catoe, individually and as personal representative of her husband's estate, appeals the circuit court's order granting summary judgment in favor of Sheriff Leon Lott, in his official capacity as Sheriff of Richland County, in this negligence action. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      With respect to whether law enforcement owed a duty of care to Catoe's husband, Richard L. Catoe, Jr.: *Edwards v. Lexington Cty. Sheriff's Dep't*, 386 S.C. 285, 290, 688 S.E.2d 125, 128 (2010) ("An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence." citation omitted)); *id.* ("A plaintiff alleging negligence on the part of a governmental actor or entity may rely either upon a duty created by statute or one founded on the common law."); *Wyatt v. Fowler*, 326 S.C. 97, 101, 484 S.E.2d 590, 592 (1997) ("[T]he state does not owe its citizens a duty of care to proceed without error when it brings legal action against them."); *Madison ex rel Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 145, 638 S.E.2d 650, 661 (2006) ("The public duty rule insulates public officials, employees, and governmental entities from liability for the negligent performance of their official duties by negating the existence of a duty towards the plaintiff."); *id.* (indicating the public duty rule is applied when the alleged duty is founded upon a statute); *Edwards*, 386 S.C. at 290, 688 S.E.2d at 128 ("[W]hen the duty is founded on the common law, we refer to this as a legal duty arising from 'special circumstances.'"); *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 334, 566 S.E.2d 536, 546 (2002) (recognizing five instances in which a duty of care may arise: (1) when the defendant has a special relationship to the victim; (2) when the defendant has a special relationship to the injurer; (3) when the defendant voluntarily undertakes a duty; (4) when the defendant negligently or intentionally creates the risk; and (5) when a statute imposes a duty on the defendant).

2.      With respect to whether the alleged negligent conduct was immune from liability under section 15-78-60(6) of the South Carolina Code (2005): S.C. Code Ann. § 15-78-60(6) (providing a governmental entity is not liable for a loss resulting from "civil disobedience, riot, insurrection, or rebellion or the failure to

provide [or] the method of providing police or fire protection"); S.C. Code Ann. § 15-78-20(f) (2005) ("The provisions of this chapter establishing limitations on and exemptions to the liability of the State, its political subdivisions, and employees, while acting within the scope of official duty, must be liberally construed in favor of limiting the liability of the State."); *Huggins v. Metts*, 371 S.C. 621, 624-25, 640 S.E.2d 465, 466-67 (Ct. App. 2006) (finding police conduct in negotiating with and attempting to take custody of a man brandishing knives and threatening to harm himself and others fell within the "method" of providing police protection as contemplated by section 15-78-60(6)), *cert. denied* Oct. 18, 2007.

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**