IN THE UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF SOUTH CAROLINA 
 CHARLESTON DIVISION 

KENDRA BROWN, individually and as ) 
personal representative of the estate of ) 
Minor Jalen Carter, ) 
 ) 
 Plaintiff, ) No. 2:18-cv-2948-DCN-TER 
 ) 
 vs. ) ORDER 
 ) 
CITY OF NORTH CHARLESTON and ) 
WAYNE PAVLISCHEK, ) 
 ) 
 Defendants. ) 
____________________________________) 

 This matter is before the court on plaintiff Kendra Brown’s (“Brown”) motion to 
alter or amend judgment, ECF No. 63. For the reasons set forth below, the court grants 
the motion, vacates its judgment in part, and remands Brown’s remaining claims to the 
Charleston County Court of Common Pleas. 
 I. BACKGROUND 
 The facts of this case have been previously recounted by this court and are ably 
recited by the Magistrate Judge’s Report and Recommendation (“R&R”), ECF No. 59, 
such that detailed recitation of them here would be superfluous. Instead, the court briefly 
summarizes the material procedural history. Brown filed this action against the City of 
North Charleston (“NCHS”) and Wayne Pavlischek (“Pavlischek”) (collectively, 
“defendants”) in the Charleston County Court of Common Pleas on October 4, 2018. 
ECF No. 1-1. NCHS removed the case to this court on October 31, 2018. ECF No. 1. 
After the parties consented to partial dismissal, the remaining causes of action before the 
court were as follows: (1) a claim against Pavlischek under 42 U.S.C.§ 1983 for the use 
of excessive force in violation of Brown’s constitutional rights, and (2) claims against 
NCHS for wrongful death, negligence, and gross negligence under the South Carolina 
Tort Claims Act (“SCTCA”). ECF No. 1-1 at 6–9. Critical to the resolution of the 
instant motion, Brown’s claim against Pavlischek is rooted in federal law, while his 

claims against NCHS are purely state tort claims. 
 In October of 2019, NCHS and Pavlischek each filed motions for summary 
judgment with respect to the claims asserted against them. ECF Nos. 45 and 47, 
respectively. On June 15, 2020, Magistrate Judge Thomas E. Rogers filed the R&R, 
recommending that the court grant Pavlischek’s motion for summary judgment with 
respect to Brown’s federal claim, decline to assert jurisdiction over Brown’s state law 
claims against NCHS, and remand those state law claims to state court. ECF No. 59. On 
July 29, 2020, the court filed an order adopting in part and rejecting in part the R&R (the 
“Summary Judgment Order”). ECF No. 61. Specifically, the court adopted the R&R 
with respect to Brown’s federal claim, granting summary judgment in favor of 

Pavlischek, and rejected the R&R’s recommendation that the court decline to assert 
jurisdiction over Brown’s state law claims. Accordingly, the court asserted jurisdiction 
over those claims, considered the substance of those claims, and granted NCHS’s motion 
for summary judgment with respect to the same, closing the action. On August 26, 2020, 
Brown filed the instant motion to alter or amend judgment. ECF No. 63. On August 31, 
2020, NCHS responded, ECF No. 64, to which Brown replied on September 8, 2020, 
ECF No. 65. As such, the matter has been fully briefed and is now ripe for the court’s 
review. 
 II. STANDARD 
 Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or 
amend a judgment. The rule provides an “extraordinary remedy which should be used 
sparingly.” Pac. Ins. Co. v. Am. Nat’l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) 

(internal quotation marks omitted). The Fourth Circuit recognizes “only three limited 
grounds for a district court’s grant of a motion under Rule 59(e): (1) to accommodate an 
intervening change in controlling law; (2) to account for new evidence not available 
earlier; or (3) to correct a clear error of law or prevent manifest injustice.” Wilder v. 
McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 
994 F.2d 1076 (4th Cir. 1993)). “A party’s mere disagreement with the court’s ruling 
does not warrant a Rule 59(e) motion, and such motion should not be used to ‘rehash’ 
arguments previously presented or to submit evidence which should have been previously 
submitted.” Consulting Eng’rs, Inc. v. Geometric Software Solutions & Structure Works 
LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007). 

 III. DISCUSSION 
 As mentioned above, the court adopted the R&R’s recommendation to grant 
summary judgment in favor of Pavlischek with respect to Brown’s federal claim. Brown 
did not object to that recommendation, nor does he argue for reconsideration of the 
court’s consequent holding in the Summary Judgment Order. As such, this order does 
not consider or affect the court’s judgment with respect to Brown’s federal claim against 
Pavlischek under § 1983. The court’s judgment in favor of Pavlischek retains full force 
and effect. 
 Brown’s motion does, however, compel the court to revisit the Summary 
Judgment Order’s other holdings. In its Summary Judgment Order, the court asserted 
supplemental jurisdiction over Brown’s state claims against NCHS and, considering 
those claims substantively, held that NCHS was entitled to immunity from those claims. 

As such, the court granted summary judgment in favor of NCHS. Brown’s motion to 
reconsider brings to light two truths that compel the court to reverse course with respect 
to those holdings. First, Brown’s substantive argument with respect to Pavlischek’s 
alleged immunity reveals that issue to be closer than the court previously gauged, 
meaning that the state law claims do not involve a straightforward application of South 
Carolina law as the court previously concluded. The issue of NCHS’s immunity, the 
court now finds, implicates vital issues of South Carolina policy with the potential to 
impact the most essential rights of South Carolinians. As such, the court agrees with 
Brown that the issue should be considered and resolved by South Carolina state courts, 
not the federal court. Secondly, as a result, the court now finds that the relevant factors 

weigh against retaining jurisdiction over Brown’s state law claims after dismissing the 
federal claim. 
 As the court noted in the Summary Judgment Order, 28 U.S.C. § 1367(c)(3) 
affords a federal court the discretion to retain supplemental jurisdiction over state law 
claims even where the court has disposed of all claims with original federal jurisdiction. 
The Supreme Court has outlined four factors to guide the exercise of that discretion: 
judicial economy, convenience, fairness, and comity. Carnegie-Mellon Univ. v. Cohill, 
484 U.S. 343, 350 (1988). In addition to the traditional Cohill factors, district courts in 
this circuit have also considered “(1) whether the claim involves straightforward 
application of well-defined case law, Caughman v. S.C. Dep’t of Motor Vehicles, 2010 
WL 348375, at *2 (D.S.C. Jan. 26, 2010); (2) whether the parties have completed 
discovery, id.; (3) the length of time the case has been pending in federal court, Varner v. 
SERCO, Inc., 2018 WL 1305426, at *4 (D.S.C. Mar. 12, 2018); and (4) whether the 

complaint was filed in federal court, id. 
 In the Summary Judgment Order, the court noted that “[a]lthough comity favors 
remanding the case to state court, the factors of judicial economy, convenience and 
fairness weigh in favor of the court exercising supplemental jurisdiction” over the state 
law claims. ECF No. 61 at 6. Brown argues that the court erred in weighing the factors 
outlined above. The court now agrees. First, the court understands that convenience 
favors neither outcome because the federal and state forums are equally convenient to 
each party. Second, the court did not consider the fact that the action was initially filed in 
state court and removed to this court by the defendants. Third, while the court was 
correct in noting that the action has been pending since October 2018, Brown explained 

in her motion to amend or alter judgment that the parties are not at fault for the delay in 
the court’s resolution of the case. Indeed, the parties complied with the scheduling order 
and submitted all summary judgment papers with the court in October of 2019 but 
“awaited the filing of the R&R until June 15, 2020.” ECF No. 63 at 4–5. Finally, as 
discussed in greater detail below, that court now sees that the principle of comity looms 
so large in favor of remand that it nearly eclipses other considerations. Therefore, while 
the court still believes its retention of the state law claims would serve judicial economy, 
the other factors compel remand. 
 In the Summary Judgment Order, an court found that NCHS is immune from 
Brown’s tort claims based on the exception to South Carolina’s waiver of immunity 
found in S.C. Code Ann. § 15-78-60(6), which provides that a “governmental entity is not 
liable for a loss resulting from . . . civil disobedience, riot, insurrection, or rebellion or the 
failure to provide [or]1 the method of providing police or fire protection.” ECF No. 61 at 

9–12. In so holding, the court relied on the South Carolina Court of Appeals’ decision in 
Huggins v. Metts, 640 S.E.2d 465 (S.C. Ct. App. 2006). There, the police responded to a 
call about a man who was threating to burn down homes and commit suicide. When the 
man, armed with butcher knives, continued towards police officers despite commands to 
stop, officers shot and killed him. The Court of Appeals found that § 15-78-60(6) applied 
because the action “concern[ed] the manner in which the police chose to provide police 
protection.” Id. at 467. This court determined that “the facts before [it] are analogous to 
Huggins.” ECF No. 61 at 10. 
 As Brown now points out, the police in Huggins were responding to a specific 

call regarding a specific emergency, from which the police sought to protect those 
involved. In this case, in contrast, in the light most favorable to Brown, the apartment 
complex requested general police presence over an extended period of time to deter 
nonspecific criminal conduct. No case in South Carolina has determined whether a 
generalized request for police presence triggers § 15-78-60(6). Indeed, as Brown points 
out, the extension of § 15–78–60(6) to generalized requests for police presence could 
have implications the South Carolina legislature did not intend: “Should it stand, the 

 1 The South Carolina Court of Appeals has held that “the subsequent omission of 
the word ‘or’ in section 15–78–60(6) is apparently a scrivener’s error.” Wells v. City of 
Lynchburg, 501 S.E.2d 746, 750 (S.C Ct. App. 1998). 
Court’s Order [could have] a chilling interpretation: a police department in South 
Carolina would be immune [from tort claims] every time an officer is attempting to 
provide protection.” ECF No. 63 at 8. The court agrees that a holding with such an 
impactful potential interpretation of a South Carolina statute is better left to the state 

courts. Moreover, as Brown notes in her motion, the state-law tort action “is between a 
South Carolina resident [and] a South Carolina department governed by purely South 
Carolina law under the SCTCA, which has a lengthy South Carolina appellate court 
record due to its nuances and complexity.” Id. at 5. The principle of comity, therefore, 
demands state court resolution of these claims. As such, the court erred in retaining 
supplemental jurisdiction over Brown’s claims against NCHS for negligence and gross 
negligence, including her claim for negligent training and supervision. 
 Because the court agrees with Brown that state court is the superior forum to 
resolve Brown’s state law claims, it grants the motion without reaching the substance of 
those claims. Accordingly, the court vacates its judgement in favor of NCHS on Brown’s 

cause of action for “wrongful death, negligence and gross negligence”, ECF No. 1-1 at 6, 
and remands those claims to the Charleston County Court of Common Pleas for further 
adjudication. 
 IV. CONCLUSION 
 For the foregoing reasons the court GRANTS the motion to alter or amend 
judgment, VACATES its judgment in part, and REMANDS the remaining claims to the 
Charleston County Court of Common Pleas. 
 AND IT IS SO ORDERED. 

 DAVIDC.NORTON 
 UNITED STATES DISTRICT JUDGE 
October 29, 2020 
Charleston, South Carolina